## The Chicago and Eastern Illinois Railway Company

### *v.*

### Fred Kamman *et al.*

*Filed at Ottawa January 25, 1887.*

Tender—*acceptance—whether not in full satisfaction.* A railway company, before suit brought, tendered to a party a sum less than his demand, in full satisfaction, which was refused, and upon suit brought before a justice of the peace, deposited the tender with the justice, to be paid to the plaintiff on condition it was accepted in full, which was again refused, and a trial had, resulting in a judgment for a larger sum than that tendered. After the judgment, the justice, on the advice of the plaintiff's attorney, applied part of the deposit upon the costs, and paid the residue to the plaintiff in part payment of the judgment, the latter not accepting the same in full satisfaction: *Held*, that a bill by the company to enjoin the collection of the balance of the judgment was properly dismissed. The question of authority, or want of authority, in the justice to make such application of the tender, it was not considered important to consider.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Franklin Blades, Judge, presiding.

Mr. William Armstrong, for the appellant.

Mr. Justice Mulkey delivered the opinion of the Court:

The present appeal is prosecuted by the Chicago and Eastern Illinois Railway Company, to reverse a judgment of the Appellate Court for the Second District, affirming a decree of the circuit court of Kankakee county dismissing a bill for an injunction, brought by the company, against Fred Kamman, Christian Hecht and Peter Fina, to restrain the collection of a balance of $37.75 on a judgment recovered by Kamman, against the company.

There is no substantial difference between the parties in respect to the facts in this case. On the 17th of March, 1883, Fred Kamman brought an action against the company, before Christian Hecht, a justice of the peace, for a claim of $55, though the sum sued for was $200. After the service of the summons, and before the trial, the company, through its agent, John Lumberg, tendered Kamman $21.50 in full satisfaction of all claims against the company. Kamman refusing to accept the tender on the conditions imposed, the money was then deposited by the company with the justice, to be by him given to Kamman whenever he was willing to receive it on the conditions stated. On the 24th of the month, the day set for trial, the company was represented, before the justice, by Lumberg, its agent, at least for the purpose of proving the tender and reporting the result of the trial. The justice, after hearing the evidence on both sides, rendered a judgment in favor of the plaintiff, for $55. Subsequent to the trial, upon the advice of Kamman's attorney, the justice, without any further instructions or order from the company, applied $3.75 of the sum deposited with him as a tender, in payment of the costs of the suit, and paid the remainder to Kamman in part satisfaction of his judgment, leaving a balance of $37.75 still unpaid. This balance remaining unpaid, the plaintiff sued out an execution on the judgment, and placed it

in the hands of Peter Fina, a constable, who was threatening to levy the same, when the present bill was filed to perpetually enjoin the constable, justice, and plaintiff in the judgment, from the collection of the balance due thereon.

It is not claimed by appellant, nor is there any ground for such a claim, that the $17.75 paid Kamman by the justice was accepted or received by him in satisfaction of his judgment. Kamman swears: "Hecht paid me $17.75 after the trial. I did not accept it in full satisfaction of my claim. Hecht said he would not keep the money, because it was left with him to turn over to me." The justice himself swears: "Kamman did not accept the money in full satisfaction of his claim. It was paid toward the judgment." There is nothing in the record contradicting the testimony of these two witnesses, and it is not claimed that there is.

Under the proofs, the utmost that can be claimed is, that the justice paid the money without the authority of the company, and that, prior to the trial, the company had made a tender of it to Kamman, on condition that he would receive it in full satisfaction of his claim, and that he expressly declined to do so. The contention of appellant is, that the receiving of the money, under the circumstances stated, operated as an absolute satisfaction of Kamman's judgment, notwithstanding nothing of that kind was understood or intended, either by the justice who paid the money, or the plaintiff in the judgment, who received it, but exactly the contrary. This very novel, and, as it seems to us, startling proposition, to be made by one coming into a court of equity, where relief is rarely, if ever, granted, except upon the condition that the party asking it must evince a willingness to do equity, is urged with a persistence, and a seeming confidence in its soundness, that are rarely met with, notwithstanding the proposition in question is not, as we understand the cases relied on, supported by a single authority cited. Moreover, we have gone outside of the briefs, and have examined, with some care, to see if we

could find anything in the books tending to support appellant's position, and have utterly failed to do so.

But this is not all. Learned counsel assert, with great positiveness, that the cases cited on the other side, in opposition to this view, directly sustain his own position. Turning to these cases, we fail to find anything in them to justify such an assertion. Take, for instance, the case of *Higgins* v. *Halligan*, 46 Ill. 173,—one of the cases referred to. That was an action of assumpsit to recover rent. The defendant pleaded *non-assumpsit* as to the whole amount claimed, except $125, and as to that, he pleaded a tender before suit brought, and that the same had been brought into court, etc. Issues were joined on them and other pleas in the case, and the cause was tried, resulting in a judgment for the plaintiff, and on appeal to this court by the defendant, the judgment was affirmed. It is to be inferred from the opinion in the case, that the $125, after having been brought into court, had been accepted by the plaintiff and applied on the claim, and it was contended by the defendant that its acceptance was a conclusive admission that there was nothing more due the plaintiff. In answer to this position this court said: "There is no authority cited on this point, *and there can be none*, for the doctrine is well established that accepting a sum tendered, if not accepted in full of all demands, does not conclude a party from proceeding for more,"—citing *Ryal* v. *Rich*, 10 East, 47. That is also one of the cases cited by appellees, and asserted, by appellant's counsel, to sustain his position. That, too, was an action by a landlord for use and occupation of certain premises, in which the plaintiff also proceeded for double their value, because of a failure to surrender the premises after an alleged notice to quit, and one of the defences relied on was an alleged acceptance of a tender of what the defendant claimed to be due. The court, in considering this question, holds the following language: "If this tender of single rent had been accepted before the action brought, it

would have been a question for the jury to have determined whether it were not a waiver of the landlord's claim to the double value. If it were accepted after the action brought, it became a question *with what intent* it was received,—whether in part satisfaction of the double value, or as a waiver of it. At any rate, it is no estoppel in law, but an estoppel, if at all, arising out of the acts and *intents* of the parties. There can not, indeed, be a double satisfaction for the same thing; but the question is, *in what sense the plaintiff received the money tendered and paid into court.*" So the question here is, with what intent was the money received. Whether the justice had any right to pay the money to Kamman, it is not important to inquire. Conceding he had not, the payment, no doubt, was made through ignorance of the law, and while that would be no justification for an unauthorized application of the money, it would in no way affect the justness of Kamman's claim against the company, which is conclusively established by the judgment so long as it remains in force. Moreover, the justness of the claim before it was merged in the judgment, is in nowise assailed or questioned by the present bill, and the complainant in the bill having had the full benefit of the payment in question, in the part liquidation of this confessedly meritorious claim, a court of equity will not lend its aid to set this transaction aside for a mere technical violation of law, which has clearly, so far as this record shows, worked the complainant no injustice, but will remit it to a court of law, to enforce whatever legal rights it may have, if any, growing out of the transaction.

Viewed from an equitable standpoint, there is clearly no merit in this case, and the bill was therefore properly dismissed.

*Judgment affirmed.*